## Treichler *versus* Berks County.

1. One county commissioner cannot bind the county by contract, unles he act by the authority of a majority of the board.

2. A purchaser of personal property from one of the county commissioners, unaccompanied by delivery, acquired no right to the possession; and consequently, could confer none on his vendee.

ERROR to the Court of Common Pleas of *Montgomery county*.

One of the commissioners of Berks county assumed to sell, but did not deliver, a quantity of iron belonging to the county, to Cottrell, who sold it to Treichler, the defendant below, who took possession of it under the contract of purchase from Cottrell. To recover damages for this trespass, this action was brought; and verdict for plaintiff.

*Hunsicker*, for plaintiff in error.

———, for defendant in error.

The opinion of the court was delivered by

WOODWARD, J.—This, though a small case, is large enough to be, in its principle, a very hard one on the defendant below, the plaintiff in error. Doubtless, he took the iron, as the servant of Cottrell; but Berks county had the right to hold him responsible, the chief trespasser having fled beyond their reach. If Treichler could have established Cottrell's contract of purchase, he would have had a defence; but his evidence went no further than to prove a purchase of one of the .county commissioners, unaccompanied by any delivery in pursuance thereof. It was, therefore, properly rejected. One commissioner cannot bind the county by contract, unless he act by authority ·of a majority of the board. How·far a sale of personal property, by one commissioner, accompanied by delivery, would estop the county from claiming it in the hands of third parties, is not the .question here. We are of opinion that Cottrell acquired no right to the possession of the iron, and, of course, could confer none on Treichler. In taking the iron without authority, Treichler made himself a trespasser, and a cause of action accrued to the county of Berks. They might waive the *tort*, and sue on an implied promise, or under the rules of the Court of Common Pleas in Montgomery county, even in an action on the *tort*, declare in *assumpsit* for money had and received. Such is the rule in appeals from justices of the peace, in many counties, and it facilitates the trial of appeals on their merits. If the defendant would

[Marys *v.* Anderson.]

put the plaintiff to a special *narr.*, he should obtain a rule on him to file one.    After taking his chance on the merits, it is too late for him to fall back upon technical objections, and we always presume that he waives formal pleadings when he goes to trial on a declaration filed under the rule of court.

The Act of Assembly of 4th May, 1852, authorized the change in the style of the plaintiff. ·

On the whole, we see no error in the record, and the judgment is affirmed.